Thomson, P. J.
Suit by tbe appellee against tbe appellant to recover tbe value of a cow billed by a locomotive engine managed and operated by employees of tbe defendant. Verdict and judgment for tbe plaintiff, and appeal by tbe defendant.
There was no conflict in tbe evidence. Tbe facts were that tbe railroad of tbe. defendant ran in a northerly and southerly direction through the land of tbe plaintiff. Tbe .defendant’s right of way was inclosed by a. fence built before it became tbe owner of tbe railroad. A wagon road crossed tbe track within tbe boundaries of tbe plaintiff’s premises, and,. at tbe point of crossing, there was a cattle guard across tbe track, which bad been filled up with sand, so that cattle could easily walk over it and go upon tbe track and right of way. By whom tbe cattle guard was constructed, or bow long it bad been filled with sand, does not appear; but cattle belonging to tbe plaintiff and others ba'd, for a considerable time, been in tbe habit of straying across tbe cattle guard upon tbe right of way. About a quarter of a mile *243 south of the cattle guard was a bridge, over which the track was laid. The fence on either side of the right of way joined upon the track at the bridge. On the afternoon of July 20, 1899, the cow was struck by one of the defendant’s engines and killed. According to the only testimony concerning the circumstances of the accident, she was struck,- — using the expression of the witness,- — about one and one-half telegraph pole lengths north of the bridge. There was an embankment at that point, at the bottom of which she had been, and which hid her from the view of the engineer on the locomotive. She climbed up the bank and made her appearance on the track about three telegraph pole lengths ahead of the engine. As soon- as the engineer saw her he blew the whistle and applied the air brakes. It was impossible to stop the train within that distance, or short of eight telegraph pole lengths.
At the close of the testimony defendant’s counsel requested the court to direct a verdict for the defendant. The court refused the instruction asked, and, instead, instructed the jury that the accident was not due to ,any negligence on the part of'the company, or its employees, in operating the engine which struck the animal; but submitted to them the question whether the animal was struck and killed by reason of the maintenance of the fences by the defendant. In defending this submission, counsel for the plaintiff relies upon R. R. Co. v. Robinson, 6 Colo. App. 432. In that ease, when the engineer first saw the animal it was helplessly entangled in a bridge. The fences were so contrived and placed that an animal fleeing from a train approaching the bridge, was bound to be driven upon it; and, once there, its escape was impossible. That animal was *244 killed upon the bridge; and the responsibility of the company for maintaining a partial inclosure to which an animal had open and easy access, but from which there was no outlet, was held to be a proper subject of inquiry, if the want of outlet was the cause of the animal’s destruction. But in this case the cow was not run upon and killed while attempting to escape over the bridge. Even if the maintenance of the fences and the choked condition of the cattle guard might, in a particular case, give rise to a good cause of action; yet, unless the injury complained of is traceable to them as a cause, it is immaterial what degree of negligence in connection with them might, in a proper case, be chargeable against the defendant. No liability attaches on account of negligence, unless damage results from it. Now there is an utter lack of evidence from which it might be inferred that the presence of the fences was in any manner connected with the movements of the cow. She climbed up the embankment and placed herself upon the track, a short distance ahead of the approaching train, just as she might, and, so far as the evidence throws any light upon the subject, would have done, if the fences had not been there; and the fences interposed no obstacle to her escape.
The statement of the court that no negligence had been- shown in the management and operation of the engine, was correct; but the submission of the question whether the animal was killed by reason of the maintenance of the fences, was not warranted by the evidence. The defendant’s request for an instruction directing a verdict in its favor should have been allowed, and the refusal to allow it was error.
Let the judgment be reversed.

Reversed..